SCULL ET AL. v. ASSIGNEES OF CARHART AND AL.

There must be a prosecutor named on every writ of *certiorari*, who will be responsible for costs, in case the writ is not successfully prosecuted.

Plaintiffs in *certiorari* residing out of the State, will be required on motion and affidavit to that effect, to give security for costs; and proceedings will be stayed, till such security be given.

This was a *certiorari* directed to the Orphans' Court.

*J. Wilson,* for the defendants, moved to dismiss the *certiorari,* on the ground that it did not appear by whom it was prosecuted, it being entitled generally, " In the matter of the assignees of Carhart and *al.*"

BY THE COURT. There must be a prosecutor named on every such writ, who will be responsible for costs in case the writ is not successfully prosecuted.

*H. W. Green,* for the above stated plaintiffs', thereupon named them as prosecutors, and their names were indorsed on the writ as such.

*Wilson,* for the defendants, then read an affidavit, that the plaintiffs did not reside in this State, but in the State of Pennsylvania, and moved for a rule on them to file security for costs, and to stay proceedings till such security be filed.

BY THE COURT. Take the rule, a principal object in requiring a prosecutor to be named in such cases is, that the defendants may have some person to look to for costs, if the writ is ineffectually prosecuted. But that object will be lost, if a non-resident, or a man of straw may be named, unless we require security for costs. Though the prosecutor of a *certiorari*, in a case like this, may not be such a *plaintiff*, as was in the contemplation of the legislature, when they passed the 73d *Section* of the practice act, *Rev. Laws*, 423, yet the case is not only within the language, but so clearly within the reason and justice of that provision, that we see no objection to granting the rule. There was nothing said by the court, in the case of *The State Bank at Trenton* v. *Evans*, 2 *Green's R.* 300, inconsistent with this decision. The rule was refused in that case, because the plaintiff though an insolvent corporation, was

nevertheless a domestic one. In the case of *Roumage* v. *the Mechanics' fire Insurance Co.* 7 *Halst.* 95, the plaintiff having removed out of this State, and assigned his interest in the suit to a non-resident, *after issue joined,* this court ordered a stay of proceedings until security for costs should be filed. Let the plaintiffs give security in this case, by filing such bond as is directed by the statute.